Alexander, J.
(dissenting). I cannot accept the majority’s conclusion that the Appellate Division made the requisite findings under the Mental Hygiene Law to permit the retention of petitioner in a nonsecure facility. Rather, that court determined that petitioner should be retained because even his own expert, who testified that petitioner was not mentally ill, nevertheless favored a gradual release, with some time spent in a nonsecure facility. The court expressly reserved the question of whether petitioner was mentally ill: "While we hold that the trial court’s finding that petitioner is not suffering from a dangerous mental disorder is not against the weight of the evidence, and therefore conclude that petitioner should not be in a secure facility, we disagree with the trial court that he should be released from in-patient status, as opposed to merely transferred to a nonsecure facility. In reaching this result, we think it sufficient that even petitioner’s own expert, a staunch proponent of the view that petitioner is not mentally ill, nevertheless favors only a gradual release, with a period of time spent in a nonsecure facility designed to readjust petitioner to life outside mental hospitals. Whether petitioner is actually mentally ill or not is a question that can be decided on the Commissioner’s pending application for a subsequent retention order, which should now, in view of petitioner’s transfer, be deemed an application for a recommitment order pursuant to CPL 330.20 (14).” (148 AD2d 341, 343 [emphasis added].)
It is clear from this language that the court impermissibly deferred to the Commissioner the determination of whether petitioner presently suffers from a mental illness. To do so in this habeas corpus proceeding pursuant to Mental Hygiene Law § 33.15 (b) was error. That section mandates the release of an involuntarily retained patient upon the court’s finding that the patient "is not mentally disabled or that he is not in *755 need of further retention for in-patient care and treatment” (Mental Hygiene Law § 33.15 [b]). A determination that a patient has a "need for retention” requires a showing that the patient is "in need of involuntary care and treatment in a hospital” which in turn requires a demonstration that the patient "has a mental illness” (Mental Hygiene Law § 9.01). As Supreme Court properly concluded, absent a finding that petitioner presently suffers from a mental illness, he is entitled to release.
By concluding that the Appellate Division implicitly found that petitioner suffered from a mental illness, despite that court’s statement to the contrary, the majority deprives petitioner of that court’s factual review of the record — a record upon which Supreme Court, the only other court with fact-finding jurisdiction, found that petitioner was not presently suffering from a mental illness.
Accordingly, I dissent and vote to remit the matter to the Appellate Division for a finding as to whether petitioner presently suffers from a mental illness.
Chief Judge Wachtler and Judges Simons, Kaye, Titone, Hancock, Jr., and Bellacosa concur; Judge Alexander dissents and votes to reverse in an opinion.
Order affirmed, without costs, and certified question answered in the affirmative in a memorandum.